UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RYAN O. GITTENS, | |
| Defendant/Petitioner, | Case No. 1:25-CV-00702-BLW |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent. | |

## CASE HISTORY

Defendant/Petitioner Ryan Gittens' Judgment of Conviction for conspiracy to distribute controlled substances in Case No. 1:01-cr-00052-BLW-15, *United States v. Gittens*, was entered on August 17, 2007. Crim. Dkt. 515. The Court denied Defendant's first § 2255 motion on September 11, 2009. Crim. Dkt. 547, 548; see Case 1:08-cv-00341-BLW, *Gittens v. United States*.

Defendant completed his sentence and supervisory term many years ago. After his sentence, he went on to become a successful EMT serving the public during and after the COVID-19 pandemic. Crim. Dkt. 604.

MEMORANDUM DECISION AND ORDER - 1

On November 9, 2023, Defendant filed an "appeal" of his conviction and later filed an "Amended Motion to Vacate Conviction." Crim. Dkts. 598, 604. The direct appeal deadline expired in 2007. *See* Crim. Dkts. 515, 520.

Because a late appeal was impossible under the circumstances of this case, the Court construed Defendant's amended filing as a second 28 U.S.C. § 2255 motion to vacate sentence. *See* Crim. Dkt. 605. The Court notified Defendant that, before he could proceed in the district court, he first must obtain written authorization from the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 2255(h); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (cleaned up). He did not obtain authorization.

On July 18, 2025, the Court dismissed the motion for lack of jurisdiction. Crim. Dkt. 605. *See* F.R.A.P. 4(b)(4); *Bowles v. Russell*, 551 U.S. 205 (2007) (§ 2254 context).

## CURRENT PETITION FOR WRIT OF CORAM NOBIS

On December 14, 2025, Defendant filed the instant Petition for Writ of Coram Nobis under 28 U.S.C. § 2241. Writs of coram nobis are a valid form of collateral attack apart from and in addition to § 2255 proceedings. *See United States v. Morgan*, 346 U.S. 502 (1954). Writs of coram nobis are available only to the extent that they fill "gaps" in the current system of post-conviction relief.

MEMORANDUM DECISION AND ORDER - 2

*United States v. Valdez-Pacheco*, 237 F.3d 1077 (9th Cir. 2001). A defendant may not challenge a conviction or sentence via an extraordinary writ like coram nobis when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." *Valdez-Pacheco*, 237 F.3d at 1080.

If a defendant is denied authorization from the court of appeals to file a second or successive § 2255 petition, he cannot avoid the successive petitions bar imposed by § 2244(b) by arguing that § 2255 is an "ineffective or inadequate remedy" and styling his new filing differently, such as § 2241, coram nobis, or audita querela. *Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam).

In *Abisia v. United States*, No. CIV. 05-00041, 2006 WL 156787, at *1 (D. Guam Jan. 20, 2006), the district court found that, despite the denial of Mr. Abisa's two previous § 2255 petitions, Section 2255 still remained an adequate and effective remedy to test the legality of Mr. Abisa's detention if he obtained authorization to proceed from the court of appeals.

Here, the Court must determine the nature of Defendant's coram nobis claims. He brings Sixth Amendment ineffective assistance of trial counsel claims, which are classic § 2255 claims. He brings Fifth and Sixth Amendment right to a fair jury trial claims, plus Fourteenth Amendment equal protection and juror bias claims—all of which should have been brought in a direct appeal in 2007. He

MEMORANDUM DECISION AND ORDER - 3

clearly "is attempting to attack the validity of his conviction and sentence, not its execution," *Abisia*, 2006 WL 156787, at *1. Such claims must be brought in a § 2255 petition or direct appeal action. Accordingly, Defendant's claims do not fit into any "gap" in the law that would permit this Court to entertain his claims in a coram nobis action.

**ORDER**

**IT IS ORDERED:**

1.   The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED for lack of jurisdiction.

2.   The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue.

3.   The Request for in Forma Pauperis Status (Dkt. 2) is DENIED as MOOT.



DATED: May 8, 2026

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4